HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WHOTOO, INC.,

    Plaintiff,

  v.

DUN & BRADSTREET, INC.,

    Defendant.

Case No. C15-1629-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendant Dun & Bradstreet, Inc.'s ("D&B") Motion for Relief for Spoliation.  Dkt. # 103.  Having considered the briefing of the parties, relevant portions of the record, and the oral arguments of counsel, the Court **DENIES** D&B's motion.  As specified in further detail below, however, the Court finds that less severe sanctions may be warranted.  Accordingly, the Court **STRIKES** the parties' pending motions for summary judgment, Dkt. ## 60, 66, and **ORDERS** the parties to take additional steps toward resolving this dispute.

## II.   BACKGROUND

Plaintiff WhoToo, Inc. ("WhoToo") filed this action against D&B for breach of contract, tortious interference with business expectancy, and injunctive relief.  Dkt. # 1.  The parties have since engaged in discovery and filed motions for summary judgment.

On December 13, 2016, after submitting its motion for summary judgment, D&B learned that WhoToo is named as a defendant in a state proceeding pending in King

ORDER – 1

County Superior Court, *Shannon v. WhoToo, Inc., et al.*, No. 15-2-24758-1.  Dkt. # 104 at 1.  WhoToo is represented by the same lead counsel in that case as it is in this case.  *Compare* Dkt. # 104-1 at 22 *with* Dkt. # 60 at 26.

On December 19, D&B retrieved documents filed in the *Shannon v. WhoToo* matter from King County Superior Court's filing docket.  *Id.* at 2.  Some of these documents are highly relevant to D&B's defense in the instant matter, yet were not produced by WhoToo during discovery.  For instance, one of the central facts at issue in this case is whether WhoToo developed a functional application programming interface ("API") for a third party, 6Sense Insights, Inc. ("6Sense"), with which D&B had a business arrangement.  Dkt. # 12 at 10-11.  Throughout the course of this litigation, WhoToo has maintained that it delivered a functional API to 6Sense.  *See, e.g.*, Dkt. # 95 at 4 ("The record confirms that WhoToo delivered a working API.").  This issue also arose in the Rule 30(b)(6) deposition of WhoToo's CEO, Matt Rowlen.  When asked what problems he was aware of during the development of the API, Rowlen testified that he "wasn't involved with the—with the details of that, other than I have seen some discovery as it related to it since" and that any such problems were limited to "timing and time."  Dkt. # 67-2 at 48.

The documents obtained by D&B from the state proceeding undermine these representations concerning the functionality of the API.  For example, in a sworn declaration, Rowlen represented that the API was "radically different" than anticipated internally and "also radically different from what I had communicated to D&B."  Dkt. # 104-2 at 6.  In an underlying email, Rowlen expressed that the API developed by WhoToo may have "killed the deal" with 6Sense.  Dkt. # 104-3 at 16.  Further communications confirm Rowlen's discontent with the API.  *See, e.g.*, *id.* at 12 ("I'm furious.").

D&B filed a motion for relief from spoliation on the basis that WhoToo intentionally withheld documents and acted in bad faith.  As a remedy, D&B requests that

ORDER – 2

WhoToo's action be dismissed with prejudice or, in the alternative, that the Court instruct the jury to draw an adverse inference from WhoToo's failure to produce evidence. On January 4, 2017, the Court held a telephonic hearing on D&B's motion. Dkt. # 103. Since then, WhoToo has filed an opposition to D&B's motion and produced further responsive documents. Dkt. # 111.

### III.  LEGAL STANDARD

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). "There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337-38 (9th Cir. 1985). Certain sanctions, such as dismissal, require a showing bad faith. *Id.* Other sanctions, such as an adverse jury instruction, do not require a showing of bad faith. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).

### IV.  DISCUSSION

Based on the record at this juncture, there is insufficient evidence to justify dismissing WhoToo's case or instructing the jury to draw an adverse inference from WhoToo's nondisclosure. The documents discovered by D&B were publically filed in a state court proceeding—making these documents publically available is inconsistent with an intent to suppress or hide them from discovery. As discussed below, sanctions may be warranted, but not in the form of dismissal or an adverse jury instruction. The Court is confident that this case can be resolved without resorting to unduly harsh remedies that detract from the merits.

The Court, however, is troubled by two aspects of WhoToo's conduct. First, WhoToo's counsel—who has twice conceded that this is not his "finest moment"—

ORDER – 3

should have been aware of the need to produce the documents at issue. Dkt. ## 110 at 11, 14. He is counsel in both the state matter and the instant matter, yet he filed documents advancing inconsistent positions: (1) in the state matter, the documents indicate that the API developed by WhoToo was deficient, Dkt. # 104-2 at 6; (2) in the instant mater, the documents assert that the API was functional, Dkt. # 95 at 4. Second, WhoToo's CEO testified in the instant matter that only minimal problems arose during the development of the API, yet his own declaration testimony and emails filed in state court undermine this position. *Compare* Dkt. # 67-2 at 48 *with* Dkt. # 104-2 at 6; Dkt. # 104-3 at 12, 16.

In lieu of dismissal or an adverse jury instruction, the Court finds that other remedies may be warranted. For instance, at the hearing, D&B expressed the need to reopen Rowlen's deposition and re-brief summary judgment. Dkt. # 110 at 6. In addition to permitting limited discovery, the Court notes that it may be appropriate for WhoToo to bear the cost of such discovery and/or the briefing costs necessitated by its misconduct, including the portions of summary judgment that require re-briefing.

The Court declines at this juncture to decide whether remedial measures are appropriate. In the meantime, the Court will **STRIKE** the parties' pending motions for summary judgment. Moving forward, **within seven (7) days from the date of this Order**, the parties are **ORDERED** to meet-and-confer and to take all reasonable steps toward resolving this dispute without further judicial intervention. Within the same time period, the parties are further **ORDERED** to **file a joint submission** apprising the Court as to the outcome of the meet-and-confer. This joint submission, however, shall not include the details of any settlement discussions. If the parties require further judicial intervention following the meet-and-confer, the parties are **ORDERED**, within the same time period for filing the joint submission, to each **file a brief not exceeding five (5) pages** on the issue of whether remedial measures are appropriate as a consequence of WhoToo's nondisclosure, the legal authority for imposing such remedies, and, if they are

ORDER – 4

warranted, what those remedies should include.  Upon resolving this dispute, the Court will issue a revised scheduling order setting the dispositive motions deadline, pretrial deadlines, trial date, and any further deadlines necessitated by additional discovery.

### V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** D&B's Motion for Relief from Spoliation.  Dkt. # 103.  The Court **STRIKES** the parties' pending motions for summary judgment, Dkt. ## 60, 66, and **ORDERS** the parties to comply with the requirements outlined above.

DATED this 16th day of February, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5