UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WHOTOO, INC.,

    Plaintiff,

  v.

DUN & BRADSTREET, INC.,

    Defendant.

Case No. C15-1629-RAJ

ORDER

This matter comes before the Court on the status reports of the parties. Dkt. ## 124, 126. On December 29, 2016, Defendant Dun & Bradstreet, Inc. ("D&B") filed a motion for spoliation concerning Plaintiff WhoToo, Inc.'s ("WhoToo") failure to produce certain documents. Dkt. # 103. On January 19, 2017, the Court struck the trial date and all pretrial deadlines pending the resolution of the motion. Dkt. # 118. On February 16, 2017, the Court found that further discovery was likely warranted, and thus, that it was necessary to strike the parties' pending summary judgment motions. Dkt. # 119. While the court found that D&B's motion raised serious issues concerning discovery misconduct by WhoToo, the Court denied D&B's requested remedies and reserved ruling on the appropriate scope of relief. *Id.* The Court ordered the parties to meet and confer and seek an out-of-court resolution to their dispute. *Id.* The parties have since engaged in mediation efforts, but those efforts have not been successful. Dkt. ## 122-23. On May 3, 2017, the Court ordered the parties to submit status reports setting forth their positions on the remedies they believe are appropriate for WhoToo's discovery misconduct and

ORDER – 1

their preferred trial date.

The Court finds that sanctions are appropriate. As discussed in the Court's Order on February 16, 2017, counsel for WhoToo has conceded that the documents at issue should have been produced. Dkt. # 119. Counsel for WhoToo reaffirms this concession in the status report under consideration. Dkt. # 124 at 2 ("As WhoToo has repeatedly acknowledged, its failure to produce 25 e-mails in response to D&B's discovery requests was regrettable."). Counsel filed documents in this Court advancing positions that he should have known were inconsistent with those advanced in a matter pending in King County Superior Court. *Id.* Further, the unproduced documents show that WhoToo's CEO provided testimony in this matter that squarely conflicts with testimony and other evidence submitted in King County. *Id.*

Having concluded that sanctions are warranted, the Court turns to the parties' proposed courses of action. D&B requests attorneys' fees for preparing the spoliation motion, attorneys' fees for preparing the portions of its summary judgment brief that would have materially differed had WhoToo complied with its discovery obligations, and an opportunity to re-depose WhoToo's CEO. As an alternative to these measures, WhoToo offers to withdraw one of its breach of contract actions, permit its CEO to be re-deposed on a narrower set of issues, and pay for the cost of a court reporter.

The Court finds that WhoToo's proposal of withdrawing one of its breach of contract claims is insufficient to remedy its discovery misconduct. As D&B correctly notes in its status report, the withheld documents squarely undercut the merits of the breach of contract action that WhoToo offers to withdraw. Those documents show that WhoToo was experiencing significant difficulties in developing technology that was germane to the contract at issue—this revelation undermines WhoToo's previous assertion that it had encountered no such difficulties. Allowing WhoToo to withdraw an action rendered meritless by wrongfully withheld documents would not right the wrong that WhoToo committed.

ORDER – 2

The Court finds that D&B is entitled to attorneys' fees for the spoliation motion and a portion of the summary judgment briefing. The spoliation motion would not have been necessary were it not for WhoToo's discovery malfeasance and D&B's approach to the summary judgment briefing would have differed. Within **fourteen (14) days** from the date of this Order, D&B is **ORDERED** to submit a motion for attorneys' fees and billing records that support its purported expenses.

The Court also finds that D&B is entitled to re-depose WhoToo's CEO concerning the withheld documents, as well as WhoToo's records retention and discovery production methods. WhoToo has placed the latter squarely at issue by failing to reliably produce all responsive documents. WhoToo shall bear the cost of the deposition, including D&B's attorneys' fees, the costs of a court reporter, and the production of a transcript. WhoToo is not, however, required to pay for a videographer. The scope of this deposition shall be limited to (1) the uncovered documents that prompted D&B to file its spoliation motion and any additional documents produced thereafter; and (2) WhoToo's document preservation, collection, and production process.

The Court sets trial for November 6, 2017. The Court will enter a separate order scheduling all applicable pre-trial deadlines.

DATED this 12th day of June, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3