HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WHOTOO, INC.,

    Plaintiff,

v.

DUN & BRADSTREET, INC.,

    Defendant.

Case No. C15-1629-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Dun & Bradstreet, Inc.'s ("D&B") Motion for Attorneys' Fees. Dkt. # 129. No party requested oral argument, and the court finds oral argument unnecessary. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** D&B's motion.

## II. BACKGROUND

On December 29, 2016, D&B filed a motion for spoliation concerning Plaintiff WhoToo, Inc.'s ("WhoToo") failure to produce certain documents. Dkt. # 103. On January 19, 2017, the Court struck the trial date and all pretrial deadlines pending the resolution of the motion. Dkt. # 118. On February 16, 2017, the Court found that further discovery was likely warranted, and thus, that it was necessary to strike the parties' pending summary judgment motions. Dkt. # 119. While the court found that D&B's spoliation motion raised serious issues concerning discovery misconduct by WhoToo, the Court denied D&B's requested remedies and reserved ruling on the appropriate relief. *Id.* Following the parties' unsuccessful efforts to resolve this dispute through

ORDER – 1

mediation, the Court ordered the parties to submit status reports setting forth their positions on the remedies they believe are appropriate for WhoToo's discovery misconduct.

After reviewing the parties' positions, the Court found that D&B is entitled to attorneys' fees for the spoliation motion and the portion of its summary judgment briefing that would have differed had WhoToo not withheld the documents at issue.[1] Dkt. # 127. The Court ordered D&B to file a motion for attorneys' fees along with applicable billing records. *Id.* That motion is now before the Court. Dkt. # 129. WhoToo opposes the motion. Dkt. # 132.

### III. LEGAL STANDARD

The Court applies the lodestar method to determine the appropriate amount of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "The courts may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). The Court must then consider certain factors to determine whether the total amount of requested fees is reasonable. Commonly known as the *Kerr* factors, these are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards

---

[1] The Court also found that D&B is entitled to re-depose WhoToo's CEO concerning those documents and that WhoToo must bear the costs of that deposition. *Id.*

ORDER – 2

in similar cases." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). The Court need only consider the factors that are relevant. *Id.* at 1342. The court has "a great deal of discretion" determining a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1993).

## IV. DISCUSSION

### A. Hourly Billing Rates

D&B requests billing rates for its attorney timekeepers as follows: $555 for shareholder Brian Bodine, $490 for shareholder Charles Huber, $295 (2016 rate) and $350 (2017 rate) for associate Aaron Brecher, and $290 for associate Adriane Scola. D&B requests a $275 rate for its paralegal timekeeper, Todd Ziegenbein.

WhoToo contends that the attorney billing rates requested by D&B are unreasonable. WhoToo, however, failed to oppose D&B's previous motion for attorney fees requesting the same or similar rates. Dkt. ## 36, 41. The Court granted that motion based on WhoToo's nonopposition. Dkt. # 107; *see also* LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Having previously awarded fees at unopposed rates similar to those now requested, the Court now approves the billing rates that D&B requests for its attorney timekeepers.[2]

WhoToo also contends that D&B's requested paralegal rate of $275 is unreasonable. D&B did not request paralegal fees in its previous motion for fees—as such, WhoToo did not concede the reasonableness of those fees by failing to oppose that motion. The Court agrees that D&B has not offered sufficient evidence to substantiate its request for a $275 paralegal billing rate. "For paralegals, the Court has consistently found $120.00 to be a reasonable hourly rate." *Nat'l Prod., Inc. v. Aqua Box Prod., LLC*, No. 12-605-RSM, 2013 WL 12106900, at *3 (W.D. Wash. Mar. 15, 2013) (awarding $120 rate where plaintiff did not submit evidence showing that

---

[2] Given WhoToo's previous failure to oppose, this case is distinguishable from *Conti v. Corp. Servs. Grp., Inc.*, 30 F. Supp. 3d 1051, 1079 (W.D. Wash. 2014), *aff'd*, No. 14-35674, 2017 WL 1488253 (9th Cir. Apr. 26, 2017), where the Court held that $500 per hour "is at least near the upper end of the range of rates that experienced employment counsel charge in this District."

ORDER – 3

an hourly rate of $189 was the prevailing rate for a senior paralegal). Accordingly, the Court reduces D&B's hourly paralegal rate to $120.

### B. Fees for Summary Judgment Motion

D&B requests $14,131.90 for the portion of its summary judgment briefing that would have differed had WhoToo not withheld documents. D&B supports this request with redacted billing records. WhoToo does not oppose D&B's request. Dkt. # 132 at 2 ("WhoToo accepts and will not challenge the amount D&B spent on summary judgment."). Accordingly, the Court **GRANTS** D&B's motion as it pertains to summary judgment briefing.

### C. Fees for Spoliation Motion

D&B requests $71,767.75 in attorneys' fees for the work incurred on its motion for spoliation. D&B again supports its request with redacted billing records. WhoToo opposes D&B's requested fees for the spoliation motion on several fronts. WhoToo contends that D&B's motion concerns straightforward discovery matters, that much of the time asserted is supported with records that are block billed, and that substantial portions of the requested fees are speculative.[3]

As an initial matter, the Court declines to award fees for billing hours that lack sufficient evidentiary support. D&B supports a portion of its requested hours with billing records that do not specify what portion of the timekeeper's entry was actually spent on the spoliation motion. According to D&B, Mr. Bodine "billed 40.9 hours in entries which included work on the spoliation motion, though the text of the entry does not reveal what proportion of the time was spent on the spoliation issue." Dkt. # 129 (Motion) at 5; Dkt. # 131 (Bodine Decl.) ¶ 11. Similarly, D&B claims that Mr. Brecher "billed 41.3 hours (all in 2017) in entries that included work on the spoliation motion, though the precise proportion cannot be determined from the text of the entry." *Id.* D&B asserts in a declaration that these timekeepers spent "at least half" or "no less than half" of the time reflected in these entries on the spoliation motion. Dkt. # 131 (Bodine Decl.) ¶ 11. Having reviewed the content of these entries, the Court finds that this assertion is insufficient for D&B to carry its burden to document and prove these portions of its requested

---

[3] WhoToo also contends that D&B's requested hourly rates are unreasonable. As noted above, the Court finds that D&B's requested rates are commensurate with those previously awarded.

ORDER – 4

fees. Without more detailed records, the Court lacks a basis to determine what amount of time was actually spent on the spoliation motion. *See Welch*, 480 F.3d at 948 (affirming district court's reduction in fees where time entries made it "difficult to determine how much time was spent on particular activities"). Accordingly, the Court **DENIES** D&B's motion to the extent it seeks attorneys' fees for half of the 40.9 hours billed by Mr. Bodine and half of the 41.3 hours billed by Mr. Brecher. This reduces D&B's requested fees by $18,577.25. *See* Dkt. # 131 (Bodine Decl.) ¶ 11.

The remainder of D&B's requested fees amounts to 130 billing hours for four attorneys and one paralegal. WhoToo contends that this is an excessive amount of time for the spoliation motion given that the Court did not award D&B its requested relief of dismissal, and thus, that the motion was akin to a straightforward motion to compel.

D&B's work on the spoliation motion was not as simple as a run-of-the-mill motion to compel. After learning that WhoToo had filed critical documents in a state court matter without producing those documents in this action, D&B took the reasonable and understandable step of reviewing the extent of WhoToo's state court filings to determine whether any other documents were outstanding. D&B was also in the difficult position of discovering the withheld documents less than two months before trial and after the dispositive motions deadline. Given this timeline, it was understandable for D&B to take all reasonable measures in thoroughly pursuing any remaining discovery and seeking extensive remedial measures for WhoToo's misconduct.

The Court, however, agrees that 130 hours is excessive given the application of relevant *Kerr* factors. First, the spoliation motion did not involve complex legal questions—rather, it posed the straightforward inquiry of requesting relief from the Court for WhoToo's failure to produce critical documents. Second, D&B did not obtain the results it desired. D&B requested that the Court either dismiss WhoToo's claims with prejudice or instruct the factfinder to draw an adverse inference for WhoToo's discovery violation. The Court denied D&B's requested remedies and instead awarded attorneys' fees and limited discovery. It is true, as D&B emphasizes, that another result of D&B's effort in uncovering the withheld documents was to show that one of WhoToo's claims, worth $70,000, is invalid. Dkt. # 133 at 2. But D&B did not need to bill 130 hours to make this showing—the withheld documents did that on their own. Third, D&B does not cite cases awarding comparable fees in similar cases. For the opposite

ORDER – 5

proposition, WhoToo cites *Knickerbocker v. Corinthian Colleges*, No. C12-1142JLR, 2014 WL 3927227, at *3 (W.D. Wash. Aug. 12, 2014), where the Honorable James L. Robart concluded that 225.8 hours for two motions for sanctions was unreasonable and reduced the requesting parties' fees accordingly. A similar reduction is warranted here.

Having already denied D&B's requested fees for hours that lack sufficient evidentiary support, the Court further reduces by 25% the remaining 130 hours billed by D&B's counsel and paralegal. This figure accounts for the difficult position in which D&B found itself upon discovering critical documents mere weeks prior to trial—were it not for that timing, and the attendant demands of thoroughly pursuing all avenues for relief, the Court would reduce D&B's requested hours by a greater percentage. Applying a 25% reduction to D&B's 130 billing hours and reducing its paralegal's billing rate to $120 per hour, the Court awards D&B $38,742 in fees for its work on the spoliation motion. Accordingly, as set forth in this section, the Court **GRANTS in part** and **DENIES in part** D&B's motion.

### D. Fees Related to Reopening Deposition of Matt Rowlen

In its Order granting attorneys' fees, the Court found that D&B is entitled to re-depose Matt Rowlen, WhoToo's former CEO, and that WhoToo must bear the costs of this deposition. Dkt. # 127 at 3. Now, in its brief opposing D&B's request for attorneys' fees, WhoToo requests that the Court limit the deposition to four hours and restrict D&B to billing only one attorney's time in preparing for and taking the deposition. WhoToo does not, however, present this discovery request as a properly noted cross-motion. Accordingly, the Court **STRIKES** this request as improper under the Local Civil Rules. Local Rules W.D. Wash. 7(k) ("A party filing a cross motion must note it in accordance with the local rules."); *see also Crawford v. JP Morgan Chase NA*, 983 F. Supp. 2d 1264, 1267-68 (W.D. Wash. 2013) (striking improper cross motion that "was included in responsive briefing and used the noting date associated with the original motion").

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** D&B's Motion for Attorneys' Fees. Dkt. # 129. The Court awards D&B $14,131.90 in unopposed attorneys' fees for the portion of its summary judgment motion mooted by WhoToo's failure to produce documents. The Court also awards D&B $38,742 in reasonable fees for its work on the

ORDER – 6

spoliation motion.  **Together, these figures amount to $52,873.90, payable by WhoToo within fourteen (14) days of this Order**.

DATED this 15th day of August, 2017.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 7